Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

*Edward Meredith*

FILED

JAN 07 2026

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

_____
*Your full name*

## FEDERAL TORTS CLAIM ACT
## COMPLAINT

v.

Civil Action No.: **5:26CV2**
*(To be assigned by the Clerk of Court)*

Bailey, Mazzone, Prince

UNITED STATES OF AMERICA

## I.    JURISDICTION

The Court has jurisdiction over this action pursuant to: Title 28 U.S.C. Section 2671, et
seq. (FTCA) and Title 28 U.S.C. Section 1346(b)(1).

## II.    PLAINTIFF

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address
in the space provided.*

A.    Your full name: *Edward Meredith*    Inmate No.: _____
Address: *FCI Gilmer, Po box 6000, Glenville, WV 26351*

## III.    PLACE OF PRESENT CONFINEMENT

Name of
Prison/Institution: *FCI Gilmer*

A.    Is this where the events concerning your complaint took place?
☒ Yes    ☐ No

Attachment A

If you answered "NO," where did the events occur?

_____
_____
_____

## IV.  PREVIOUS LAWSUITS

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?    ☐ Yes    ☒ No

B.    If your answer is "YES", describe each lawsuit in the space below.  If there is more than one lawsuit, describe additional lawsuits using the same format on  a  separate  piece  of  paper  which  you  should  attach  and  label: "IV PREVIOUS LAWSUITS"

1.    Parties to this previous lawsuit:

Plaintiff(s): _____
Defendant(s): _____
_____

2.    Court: _____
        *(If federal court, name the district; if state court, name the county)*

3.    Case  Number: _____

4.    Basic Claim Made/Issues Raised: _____
_____
_____
_____

5.    Name of Judge(s) to whom case was assigned: _____
_____

6.    Disposition: _____
        *(For example, was the case dismissed?  Appealed?  Pending?)*

7.    Approximate date of filing lawsuit _____
_____

Attachment A

8.     Approximate date of disposition. Attach copies:_____

C.     Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
☐ Yes     ☐ No

D.     If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought. _____
_____
_____
_____

E.     Did you exhaust **ALL** available administrative remedies?
☐ Yes     ☐ No

F.     If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted. _____
_____
_____
_____

G.     If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.     Parties to previous lawsuit:

Plaintiff(s): _____

Defendant(s): _____
_____

Attachment A

2.    Name and location of court and case number: _____
_____
_____

3.    Grounds for dismissal:    □ frivolous        □ malicious
□ failure to state a claim upon which relief may be granted

4.    Approximate date of filing lawsuit: _____

5.    Approximate date of disposition: _____

## V.    ADMINISTRATIVE REMEDIES PURSUANT TO THE FTCA

A.    Did you file an <u>FTCA Claim Form (SF-95)</u>, or any other type of written
notice of your claim, with the appropriate BOP Regional Office?
☒ Yes        □ No

B.    If your answer is "YES," answer the questions below:

1.    Identify the type of written claim you filed: *Negligence / Breach Duty, Fail to provide Adequate med. care*

2.    Date your claim was filed: *June 4th 2025*

3.    Amount of monetary damages you requested in your claim:
*2 million Dollars*

4.    If you received a written Acknowledgment of receipt of your claim
from the BOP, state the: *No Response Given at all*

I.    Date of the written acknowledgment: _____
ii.    Claim Number assigned to your claim: _____

C.    If your claim involves individuals who are employed by government
agencies **other than the BOP**, did you file an <u>FTCA Claim Form (SF-95)</u>,
or any other type of written notice of your claim with the appropriate
government agencies? ☒ Yes        □ No

**Attachment A**

D.    If your answer is "YES," answer the questions below:

    1.    Identify the specific government agency or agencies, including the addresses, where you filed notice of your claim:

          _____

          _____

          _____

    2.    Identify the type of written claim(s) you filed: _____

          _____

    3.    Date your claim(s) were filed: _____

    4.    Amount of monetary damages you requested in your claim(s):

          _____

    5.    If you received a written Acknowledgment of receipt of your claim(s), state the:

        I.    Date of the written Acknowledgment: _____

        ii.    Claim Number assigned to your claim: _____

E.    If the BOP (or other government agency that received notice of your claim) either denied your claim or offered you a settlement that you did not accept, please state whether you requested reconsideration of your claim.
          ☐ Yes       ☐ No

    1.    If you answered "YES," state the:

        I.    Date you requested reconsideration: _____

        ii.    Date the agency acknowledged receipt of your request for reconsideration: _____

Attachment A

## VI.   STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the facts of your case.  **You must include allegations of specific wrongful conduct as to EACH and EVERY federal employee about whom you are complaining.  Describe exactly what each federal employee did.** Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN A SEPARATE CIVIL ACTION.  NO MORE THAN FIVE (5) TYPED OR TEN (10) LEGIBLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT.  (LR PL 3.4.4)***

CLAIM 1: _Negligence - Breach of Duty - Failure to Provide Adequate and Timely Medical Care - Failure to Act._

Supporting Facts: _(See Brief)_

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

_Clinical Director, Dr. Emery McCoy, Dr. Anderson · FNP/Ms/Browning; HSU Admin; Ms. Wilson, and R. Brown warden, all Failed to provide me Surgery/ adequate Health Care and Failed to intervene._

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," please explain: _As explained In Brief they Had Duties to Use Reasonable Care Housing me and Providing me Adequate-Timely medical Care._

CLAIM 2: _Insufficient Staff to Provide medical Care Creates Negligence. and Improper Classification Resulting In Negligence by Failure to provide medical Care Adequately._

In The United States District Court
Northern District of West Virginia


Edward Meredith


        v                    Case No: _____
                                (supplied by Clerk)

United States.


        Federal Tort Claims Act
            Supporting Brief


    Edward Meredith (hereafter 'Edward'), in person, by way of pro-se, submits these claims against the United States under the FTCA, which operates under Local State Tort Laws. Its Edwards Claim that the respondants were well aware of his needs for Serious medical Conditions and that as a whole, the respondants were Reckless, Negligent, and that their Actions and failures to Act, have amounted to injury, because they have failed to Provide Care for his Serious medical Needs. He Says in Support;


    I.  History of the Case

Just prior to the Covid Outbreak Plaintiff was Diagnosed and Scheduled for Serious Surgery to his hip and it was noted that he also needed Knee and Shoulder angioplasty. Because of Covid he could not recieve Surgery and Edward was indicted then Sentenced to 120 months of Prison In Case no 3:21-cr-00026,(S.D. Ind.) While In US Marshall Custody Edward was able to be Somewhat Mobile, on Crutches and did not gain much weight, he could Still Bath and provide his daily needs and in respect to Living a daily life, the Crutches and Care situation was minimally invasive. Because of the upcoming Transfer He Could not get the Hip replacement, because of the therapy/rehab required afterwards. To be Cleared for Surgery Edward was given EKG's testing his heart and "Clearing" for Surgery was easily done.

September 6th 2023 Edward arrived at FCI Gilmer. He was taken from Crutches and placed into a wheel chair because Edward cannot walk the Two to three city blocks to the dining hall For meals. Edwards Sentencing Court Covered his health Care needs, the pending Surgery and Stated, "The defendant Should be designated to a facility Capable of addressing his extensive Medical Conditions." (See att. #1) The respondants Knew prior to Edwards Classification and Designation Process, He needed to have Extensive Surgeries and After Care. Since being In BOP Custody now, Edwards Conditions Have NOT been Treated and they have Exacerbated.

— (2)

For 2.5 years Edwards been given the run-around, Taken to Appointments Hours Early on purpose, Appointments Cancelled for staffing deficiencies and more. Edwards been in pain, gained weight, His right leg is now 3" inches shorter than the left from Bone wear, the grinding of his hip bone on the Femur, Its Shrinking up and getting smaller and now he Can't Bath properly because he Cannot get up and stand long enough to Bath In Prison Showers, so he must perform "Towel Baths" in the Chair, He has fallen repeatedly, He Cannot stand tourinate, gained 70 lbs because he Can not be active anymore and more.

Between Classification Errors, Staffing deficiencies, Neglectful acts, etc... The Respondants have Caused Edward Prolonged Pain and Suffering, Injuries, Delays and Denials of Adequate and Timely Medical Care and it has now exacerbated Edwards Condition to a point that He may never be out of the wheel chair. This is why were here today with an FTCA claim. Included with this motion is an Adequate portion of Evidence to Support his Claims and Just December 10th 2025 Edward Met with Health Care Services Administrator Mrs. Wilson, who told Plaintiff

1) She Cannot Provide Him the Care he Needs

2) Even if he got to Surgery, she Could Provide Therapy or Rehab 3 Times weekly that He would require and

3) The mid-Atlantic Region Does NOT even have an

(3)

Orthopedic Surgeon Available for Surgery.

After Admitting these to Edward Wilson began Priding Edward in Attempting for Compassionate Release, because of their inability to Care for Him, But Edwards Conditions are Severe, they are Exacerbated, and it Could have all been prevented. June 4th 2025 Edward filed a Standard-95 Tort Claim to Beckly Consolidated legal office and as of today, Recieved NO Response, No Case Number, no investigation, etc. According to the FTCA, this is a Denial and He Has exhausted Remedies,


II. The FTCA - Jurisdiction - Exhaustion

The FTCA provides that the United States is liable for injury Caused by the negligence of its employees under Circum- stances where a private person would be liable, "according to the Law of the place where the act or omission occurred" 28 USCS 1346(b) Although the West Virginia State Law sets the Negligence Standard, the BOP is fixed by 18 USC §4042 that requires them to "Provide suitable Quarters and provide for Safe keeping, Care and Subsistence of all persons charged or Convicted of offenses against the U.S." this Statute means they must exercise "Ordinary dilligence" or "Reasonable Care" to "Keep Prisoners Safe and free of Harm" "Cowart" 617 F2d 112, 116 (1980)

(4)

The United States is liable in Circumstances where injuries are Caused by Negligent or wrongful acts of (or omissions) of federal government employees, Here, the "BOP owes Prisoners the duty of reasonable Care." McNeal, 979 FSupp 431, 432, (N.D.WVa 1997) For Edward to Maintain this Case He must:

1) Demonstrate his Claim actionable under the FTCA and

2) Satisfy the necessary elements of a Tort Action under West Virginia Law, (See 28 USC 52675) Edward Can Succeed Here.

Edwards Attatched a Copy of his SF-95 Claim Presented to the Beckly Consolidated Legal, He has gotten Nothing In Response, Accordingly, "the failure of an Agency to make final Disposition of the Claim within six months after it is filed shall, at the option of the Claimant any time there after, be deemed a final denial of the Claim for purposes of this Section." (No Response is a Denial) Edwards attempted to resolve the matter administratively and gotten nothing, this Satisfies the Exhaustion under Statute.

This Court Has Jurisdiction to decide this Matter, the Remedy Exhausted and while Primarily He Claims Negligent matters there are other claims, we move to those now.

III.    Claims to be Presented.

(3)

1) Negligence
2) Failure to act / intervene
3) Abuse - by denial and delay of Medical Care
4) Deficient Staff results in Negligence
5) Breach of Duty - Failing to use reasonable Care
6) Inadequate Legal Libraries are interfering with Meaningful access to the Court to File this FTCA claim.

IV.    Arguments.

First we must Address the Law Library's Deficiency, Here, we rely upon state Tort-Law and FCI Gilmer Law Library contains NO STATE Case Law or Statute / code for Meaningful Access to the Court, this is one item listed as a REQUIRED Item, Specifically by the Supreme Courts to be present in Prison Law Libraries. Because Edward is being Deprived of this, He must Present His Arguments based upon "Plain Language" and ask the Courts to Interpret these in light Most favorable to Him, accepting the Claims as True.

However, In Negligence Claims the Plaintiff Must Usually Show (3) three elements For this

(6)

i) The defendant owed a Duty of Care to Plaintiff, (this was already addressed)

ii) The Defendant Breached that Duty and

iii) that Breach of duty Proximately Caused Plaintiff's injury

Most claims here are based upon the Respondants failure to use reasonable care. The respondants have chronically been understaffed, for years, this has been the claim by medical staff as an excuse to not provide care to Edward Timely in the past. That they can "only take 2 prisoners daily to outside Medical Providers, this was Documented in an Administrative note on 11-18-2024, "rescheduled due to being a 3rd priority scheduled on 11-25-24" for this reason Staffing deficiencies create Negligent grounds as the duty exists to provide Medical Care to Edward, and adequate staffing, obviously they Breach that duty and as a result their own records Confirm Delays in medical care. This satisfies the (3) burdens above. Further, Plaintiff Has (4) Four employees, an investigative Reporter and other material witnesses to call for testimony In Discovery phase.

Investigative Reporter Mike Tony can be called as a witness, he is a Reporter for the "Gazzette Mail" and speaks to prisoners all over west virginia, especially FCI Gilmer. He recently spoke to Edward and May of 2025 He Published testimonials from David Hueston, Lashun Stuckey, Malcom Carpenter and others, with the

(7)

Same medical negligence Troubles at Gilmer. In his Studies Information was promulgated from the BOP's web page and Officer Inspector General office in Washington. Gilmers staff ratio was 12.6 to 7, Second Highest among 16 institutions and Highest among (6) Medium Security prisons in the Mid Atlantic Region.

There were (27) Deaths recorded at Gilmer From 2015 to 2024, according to Data Liberation Project, (12) of the (27) Deaths were "Cardiac" related. In 2024 the O.I.G.'s office released a report finding the BOP's response to medical emergencies INSUFFISIENT, due to Lack of Clear Communication, Lack of Urgency in responding or Improper equipment, they found these Shortcomings, also over Crowding and understaffing. May of 2025 the OIG reported "Serious Operational and Managerial Deficiencies" the BOP must Address to ensure inmates get Proper Treatment also, the Report indicated "Key Vacancies in areas of responsibility and affecting prioritization of Routine Screening, Interviewees reported Staffing Deficiencies often meant that employees must Prioritize Addressing Urgent medical Needs and daily responsibilities, over preventative Care" Said mike Tony's article.

This information Coupled with Proper Discovery, Subpoenas and interrogatories will Satisfy the burdens of proof for plaintiff Here. This also Addressed the Problem with Classification Here.

(5)

Its Edwards Argument that the BOP was put on Notice with the PSR and Edwards Medical Records and the Sentencing Orders to place him at a Facility Capable of Performing the Services required, Surgery, the replacement of his hip, knees and shoulders, and the requisit physical therapy/Rehabilitaten After Care. In Response to their duty to Care for Edward, He was placed at an under staffed prison, inadequate to give the level of Care necessary for him then, that Facility has Failed their duty to Transport him to medical providers, provide Adequate Medical Care, there has been un-Reasonable Delays and together this is one Negligent act upon another and Edwards Suffered Excerbation of his Health, suffered the wanton Infliction of pain unreasonably and has suffered Injury.

Moving to Arguments of Breach of duty and Negligence, the BOP's duty is created by Constitutional Order, by statute and BOP Policy # C6031.05 "Patient Care" Edward Should NEVER have been at FCI Gilmer, it's a "Care Level-2" Facility that is defined as "Housing inmates that have Stable chronic Conditions managed by Health Services, supplemented by existing Community resources, Care-2 inmates generally Self-manage their Conditions Needing INFREQUENT visits to Medical Specialists."

This is NOT Edwards Condition. Edward needed and still Does need(s) His, Hip, knee's, Shoulder

Replaced - 4 Major Joints, and that According to Doctors, is a (3) year process to replace them all and Rehabilitation. (We will Cover Edwards Medical Records After Arguments)

Core-3 Facilities - "house inmates with more Complex Conditions that are More Fragile, they require Frequent Clinical Contacts at HSU and more visits to Community Medical Specialists, Periodically needing Hospitalization."

The Sentencing Court Put the BOP on Notice of Edward being a Core-3 Inmate who required Surgery for major Joint Replacements, Hospitalization and therapy/Rehabilitation. The Breach of Duties began at Classification, Placing Edward at Gilmer. The Understaffing Exacerbated the Problem and did Contribute to Negligence because FCI Gilmer has to this day NOT Performed a single Surgery, now Edwards worse by far and staff has admitted they can Not Care for him.

Policy declares Edwards Condition as "Emergent" "Medically Necessary - Emergency" is defined as " of an acute, or emergent nature that without Care would Cause rapid deterioration of the inmates health, significant Loss of Function,"... Edwards losing function More and more Since arrival at Gilmer.

The BOP Policy Demands that the Respondants Provide "24 hour Medical Care." Full Service Operations

(10)

that Lists, "Preventative Care/Visits, emergent Care, and medical Specialty Clinics, See Patient Care # 6031.05 In Section 20 "Chronic Care Clinics (ccc's) the "C.D." Clinical Director, who here is "McCoy", "will enroll inmates with chronic medical needs in a regularly Scheduled Chronic Care Clinic. The HSA will Track the enrolled Inmate using the EctToRs toAssure Timely Follow-up, Diagnostic Testing, medication."

From the Above its Clear that Medical Care Was a Duty By all persons involved Here, Primarily the United States is Responsible for the Actions of Doctor Emery McCoy the Clinical Director at Gilmer and He Had a Duty to ensure all Chronic Conditions of Edwards were adequately Treated and Timely Treated. Lastly all others who are listed failed to act/intervene and Do something to Correct Edwards Denial of Medical Care and the un-Teasonable delays. Having Shown a Clear Duty, we must Say its fair here To say that Its been 2.5 years and NOT one of the (4) Surgeries has been done. Although Dr Anderson In an Email told Plaintiff that ALL of these Surgeries would be Complete in (3) years on the streets, Rehabilitation and all. So that being Said, why Has NOT one Single Surgery been done. Edwards Hip Surgery was needed when Court Came putting it off 18 months, then the Imprisonment FCIGilmer's Placement Put Him In a Wheel chair and the Cost Years of Delay

Have Caused Serious Damage. Edwards leg is 3 inches Shorter than the other because of the Flattening of the Bone, Socket grinding and its losing muscle mass, shriveling up this is a Serious problem from recent and Could have been Prevented. Plantiffs shown that the Respondants Breach of Duty is "Proximate" to his injury. He has Satisfied the explaining of His claims He moves to the burden of proof.

## IV  Offers of proof

Edwards enclosing a Subpoena list, For interrogatories as these witnesses Require the Protection of the Subpoena to provide testimony. The Court Should Refer to the Medical Records In 3:21-CR-00026 United States v Edward Meredith, that are attached to the Ruling.

See attachment #3; Final Report From Shawn GEE, M.D. 1-16-2025. After (2) years of pain, exacerbation, Complaints and emails Edward finally gets to an Orthopedic Specialist.

Right Hip pains Recorded, Left Knee pain and Shoulder Pain. Its noted that it "Affecting" him on a daily basis"

Hip Replacements are Needed when Bone is



Damaged, In the Hip Socket: See Att 3-2 where "Patellar grinding" is noted "billatterally." Dr. GEE Noted on Att #3-3, "At this point I feel that the Patient is indicated for a Right Hip arthplasty given the Severe arthritis with Collapse." The patient is "also evidence of Moderate knee osteoarthritis and may also be indicated for total knee arthplasty." Doctor Mcoy Recieved this Surgery Request on 1-17-2025, nothings been done. Still. This Exhibits the Serious medical need, Re-interated by a new Doctor, Some Demand. Hip replacement and there was no need for this Delay.

  Ivever, See Evidence in Att #4-1  XRays were Done on 10-13-2023 of Edwards Left shoulder, knee and Hip. Showing on #4-2 Hip, Severe Joint spacing, Moderate Flattening of the weight bearing Portion of the Femoral Head with Sclerosis and fragmentation. Edwards Femoral Bone Head was Flattened with bone fragments floating around in the Socket and still, nothings been done.

  Att #5, and #5-2 Show Cancelling an Appointment because Edward was the "3rd priority" that day. Insufficient Staff, and another was Cancelled Due to "Disciplinary lockdown," as punishment Edwards medical Trip was Cancelled.

  The above is a small example of Evidence to be Presented. Edwards also Consulted, Michael Sauser

about his Excerbation and what the delays
Can Cause, with the situation Edwards in. Mr. Sauser
Is an Emergency Medical Tech, he has years of
Medical Experience, Flown Life Flite Medical Helicopters
and Currently Supervises a Team of Helicopter
Ambulances for Life Flite. We asked him, Could
these delays Cause Edwards leg to shrink and start
to basically die off? See Att#le, Sausers Response.

"Sarcopenia the age associated loss of Skeletal
Muscle Mass and function, has Considerable Societal Consequences
for the development of fraility, disability and health
Care planning. A group of geriatricians and scientists from
academia and industry met In Rome, Italy on November 18th
2009 to arrive at a Consensus definition of Sarcopenia.
The Current Consensus definition was Approved Unanimously
by meeting Participants and is as follows: Sarcopenia is defined
as the age associated loss of Skeletal Muscle Mass and
function. The Causes of Sarcopenia are Multifactorial and
Can include disuse, (emphasis Added)." Chronic deseases,
inflamation, insulin deficiencies and Nutritional deficiencies.
While Cachexia may be a Component of Sarcopenia, the Two
Conditions are Not the Same. The diagnosis of Sarcopenia Should
be Considered in All older patients who present with observed
Declines In physical function, strength or overall health.
Sarcopenia Should specifically be Considered in patients who
Cannot Independently function."

(Qouting Mr. Sauser)

(14)

Lastly As Edward Said Health Services Administrator Mrs Wilson on Dec 10th 2025 Met with Edward Discussing these problems. Wilson admitted that FCI Gilmer Can NOT Provide the Right Medical Care for Edward, She Removed their Medical Hold So Edward Can Try to Transfer to RDAP facilities and Hopefully find the Proper care at another prison and She IS Helping Edward obtain a Compassionate Release, Admitting these things and Proposing H3 Release to the warden. See AH # 7-1 & 7-2 Emails Confirming this meeting, the Movement on Lifting their Hold and Compassionate Release paperwork.

Mrs Wilson IS attempting to Aid Edward but its Simply too Late. He's been injured and today He Seeks Compensation for this Injury.


IV    Summary

Edwards Shown this Court Communication with Multiple people Seeking Medical aid, Answers, and a known Serious Medical Need, the Negligence is Exhibited and because He spent Nearly (3) years Seeking a way to get Surgery, to get out of a wheel chair and never got Aid He Seeks redress.

Respectfully Submitted

X _____

Date 1-2-26

(15)

**Attachment A**

Supporting Facts: _See Brief._ _____

_____

_____

_____

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

R. Brown, Failing to Provide adequate Staff to Transport Prisoners to medical Appointments and Unknown individuals at Grand Prairie who Initially mis-classified Edward to FCI Gilmer.

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☒Yes    ☐ No

If your answer is "YES," please explain: Clearly they have those Duties as is explained in Brief, Please refer to Attached Brief.

_____

_____

CLAIM 3: _____

_____

_____

_____

Supporting Facts: _____

_____

_____

_____

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

_____

_____

_____

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☐ Yes    ☐ No

**Attachment A**

     If your answer is "YES," please explain: _____

_____

_____

_____

CLAIM 4: _____

_____

_____

Supporting Facts: _____

_____

_____

_____

     Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

_____

_____

_____

     With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    □ Yes    □ No

     If your answer is "YES," please explain: _____

_____

_____

_____

_____

CLAIM 5: _____

_____

_____

Supporting Facts: _____

_____

_____

**Attachment A**

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

_____

_____

_____

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    ☐ Yes    ☐ No

If your answer is "YES," please explain: _____

_____

_____

_____

_____

## VII.  INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured or your property damaged and the exact nature of your damages. Wanton Infliction of Pain Suffering - Constitutional violation - Exacerbation of Health - Excessive Risk to Health - Sarcopenia Development From Inability to use Legs - Stress - Loss of Sleep - Loss of Happiness etc.

## VIII.  RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.* An Order to provide Adequate - Timely Medical Care, Regardless of "Short Staff" and Monetary Compensation For Injuries In the Amount of (2) Two-Million Dollars.

**Attachment A**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at ___FCFGilmer._____ on _X 1-2-26___ .
            (Location)                            (Date)

Your Signature

Attachment E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

*Edward Meredith*

_____
*Your full name*

v.                                              Civil Action No.: _____

UNITED STATES OF AMERICA

### Certificate of Service

I, *Edward Meredith*_____ (your name here), appearing *pro se*, hereby certify that

I have served the foregoing ___*FTCH*_____ (title of document being sent)

upon the defendant by depositing true copies of the same in the United States mail,

postage prepaid, upon the following counsel of record for the defendant on

X 1 - 2 - 26 _____ (insert date here):

(List name and address of counsel for the defendant)

To the AUSA of
Clarksburg, wv.
26301

(N.D. W.V)

X _____
(sign your name)